We'll hear argument next in Flores v. United States Department of Justice. Mr. Flores. Good morning, Your Honors. The district court erred by granting summary judgment and dismissing the action. The report and recommendation and the judgment permit the government to violate FOIA and to violate the First Amendment by keeping secret judicial documents. By keeping secret the legal reasoning the government uses to prosecute activists, the government violates a decision by this court in U.S. v. Erie County. Because criminal defendants could discover the legal reasoning that leads to the filing of charging documents, these legal reasoning documents can be considered judicial documents. The agency must be ordered to disclose its legal reasoning documents. Throughout this litigation, the DOJ kept conducting inadequate searches, each time turning up new documents after it had previously certified that none existed. Predictably, the DOJ will appear here today claiming that no documents exist, but that is not true. Records were shown to exist or were highly likely to exist. Appellant demonstrated that a U.S. Department of State memorandum, which is referenced in the U.S. Attorney's Manual and which is relied upon by the agency to arrest activists, is legal guidance for the prosecution of activists. Appellant demanded that the DOJ produce that memo. The DOJ refused, and the district court erred in refusing to compel the DOJ to produce that memo and other similar records. You don't have to answer this question, but what is your interest in Lieutenant Choi? My interest is, I have no personal interest other than I know him, but he is one of several activists who were mentioned in the FOIA request, in the complaint, and in the plaintiff's index that I created and submitted to the DOJ. Okay, simply, the government may not keep secret its working law. Appellant created an index of references to records requested under the FOIA request, which showed that the agency prosecutes activists for their activism. Legal determinations to prosecute activists are the agency's working law, and the absence of general guidelines, procedures, or protocols for the prosecution of activists, the agency must disclose the legal determinations in the cases for those activists listed on that index. Once the DOJ produced some records from this index, the DOJ should have produced all of the records. As of now, the only specific documents for which the DOJ ever claimed any exemption under FOIA were the privacy-encumbered records of Lieutenant Daniel Choi. For no other specific documents were any FOIA exemptions expressly claimed. Because the DOJ never claimed any FOIA exemptions, the agency has waived its right to claim those exemptions. The DOJ must produce a VON index of any documents it is withholding. There is substantial public interest in guaranteeing the press and the public the right to First Amendment-protected activities, namely obtaining records, writing about the agency's misconduct, and any other form of participation in the franchise and any form that that participation may take, including petitioning the government for a redress of grievances. It's notable that all of the activists listed on the FOIA request, the complaint, and the plaintiff's index were arrested for petitioning the government for a redress of grievances. In particular, for some AIDS activists, the federal law enforcement, there were, in particular for federal, for, I'm sorry, in particular for AIDS activists, federal law enforcement agents arrested those activists after the local police declined to arrest the activists. We don't know what the legal reasoning was that the agency used to prosecute those activists for having petitioned their government for a redress of grievances. What we do know, that is, what we do know is, in the opinion and order issued just two weeks ago by U.S. District Court Judge Catherine Forrest from the Southern District, in ordering the release of immigration activist Ravi Ragbir, was that her honor compared Mr. Ragbir's arrest with treatment, quote, and I'm quoting, with treatment we associate with regimes we revile as unjust, unquote. How come Judge Forrest could appreciate what was at stake when activists get arrested, but the district court in my FOIA lawsuit could not? The court must overturn, this court must overturn the judgment of the district court and order the complete release of all the responsive records and order limited discovery and imposition of fines and penalties on the agency if that is what it takes to compel the agency to comply with FOIA. I am here today because this agency is not in compliance with FOIA and I'm asking the district court, I'm sorry, I'm asking for this court to overturn the judgment of the district court. Thank you. Thank you very much. Ms. Singh. Good morning, your honors. Rukhsana Singh, Assistant United States Attorney from the Eastern District of New York on behalf of the defendant, Appali, Department of Justice. Here plaintiff's appeal really relies solely on his speculation that additional documents exist setting forth essentially the procedures, manuals, or guidelines that the Department of Justice and more specifically the U.S. Attorney's Office for the District of Columbia might have in regards to how they target and or prosecute activists for their activism. As set forth in the record, the government had proffered two declarations in total, one from the FOIA coordinator who was in charge of the original search and then the second declaration was submitted on behalf of the U.S. Attorney's Office from the District of Columbia's chief of their civil division. And those declarations reveal. Paralegal affidavit? The original is Karen Kelly's and that is she is a paralegal. She was also the FOIA coordinator. And those declarations reveal that the agency consulted both the litigation databases at the U.S. Attorney's Office for the District of Columbia as well as the paper files and electronic files regarding the prosecution of Daniel Choi. The chief of the civil division, Mr. Van Horn, also consulted with all of the litigation heads within the U.S. Attorney's Office for the District of Columbia and the result was that there were no records that were responsive to the FOIA request. Notably, the original FOIA request included four specific itemizations. There was some background provided in the FOIA request. However, the only particular activist that was identified within the four categories of the FOIA request was a Mr. Lieutenant Choi. And plaintiff's reference today to an index, I would note that that was an index provided following the initiation of the litigation and it was part of a request for discovery. The district court did in fact deny the request for discovery on three occasions and the magistrate judge had recommended in an effort to resolve the litigation, should the government feel so inclined, it could produce records that were... The man was trying to mediate this. She was, Your Honor. And so there were additional records that were provided in response to that index, if you will, those discovery requests, but those responses were not responsive to the original FOIA request. One of the provisions that's relied upon to support the speculation that there must be additional documents regarding the targeting of prosecuting of activists is a reference to the U.S. Attorney's Manual provision that provides guidance to prosecutors when there's been destruction of property involving a foreign official or foreign government. And that, again, is outside the scope of the four corners of the FOIA request. So in sum, the declaration has established that there was a reasonable search conducted, which meets the adequacy standards set forth by this circuit. In addition, the mere speculation that there might be additional documents is not only insufficient to rebut the presumption of good faith, but it's also insufficient to show that the original search was inadequate. Unless there are any questions, the government will rely on its submission. Thank you. We'll reserve the decision.